**UNITED STATES COURT OF APPEALS**
**Filed 6/20/96**
**TENTH CIRCUIT**

RUBEN RUDY TRUJILLO,

        Plaintiff - Appellant,

v.

O. LANE McCOTTER, UTAH STATE
DEPARTMENT OF CORRECTIONS,
HANK GALETKA, SCOTT CARVER
and JUDGE MICHAEL MURPHY,

        Defendants - Appellees.

No. 96-4004
(D. Ct. No. 94-CV-1165)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court dismissing under Rule 41(b) of the Federal Rules of Civil Procedure pro se plaintiff's civil rights action pursuant to 42

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 1983. Plaintiff appeals on the ground that the district court erred in dismissing the complaint for failure to prosecute. We affirm.

Plaintiff brought this civil rights action alleging various violations of his right to free exercise of his religion by the decision of prison officials to place him in particular security classifications and by denying certain religious articles. Plaintiff's pro se complaint further asserts general rights to due process of law and equal protection of the laws. Upon a report and recommendation of the magistrate judge after a series of orders to show cause why the case should not be dismissed for failure to prosecute, the district court dismissed the action pursuant to Federal Rule of Civil Procedure 41(b). On appeal plaintiff alleges that he responded to the orders to show cause and that the magistrate judge and district court have impeded the processing of his grievances thereby depriving him of his rights to due process of law.

Plaintiff points to a memorandum dated April 25, 1995, and a pleading dated May 15, 1995, plaintiff's exhibit #20, as his responses to his orders to show cause. Both of these filings allege various irregularities in service of process and request appointment of counsel. Plaintiff has no absolute right to appointment of counsel in this civil rights case. The contents of these two filings are in no way responses to the order to show cause of the United States magistrate judge. Another order to show cause was filed by the magistrate judge on November 6, 1995. The record contains no evidence of any response from plaintiff to that order to show cause. We review the district court's order dismissing

the complaint for an abuse of discretion.  Under the circumstances of this case where the plaintiff has failed in any material way to respond to the orders to show cause of the magistrate judge, we cannot say that the district court abused its discretion.  AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge